UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PLH VINEYARD SKY LLC, et al.,

Plaintiffs,

v.

COUNTY OF SAN BENITO, et al.,

Defendants.

Case No.  25-cv-07796-SVK

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

Re: Dkt. No. 16

Plaintiffs PLH Vineyard Sky LLC and Ecos Energy, LLC ("PLH" and "Ecos," respectively, and collectively "Plaintiffs") bring this action against the County of San Benito ("the County") and the San Benito County Resource Management Agency (the "Agency") (collectively, "Defendants") in relation to allegedly unlawful preconditions and exactions of certain road improvements required in connection with permitting Plaintiffs' solar project. *See, generally*, Dkt. 13 ("FAC").  Before the Court is Defendants' Motion to Dismiss.  Dkt. 16 (the "Motion").  The Court determines this matter may be resolved without oral argument pursuant to Local Rule 7-1. Civil L.R. 7-1(b).  Having considered the Parties' submissions, the relevant law and the record in this action, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion.

I.      BACKGROUND

        A.      Judicial Notice and Incorporation by Reference

        In ruling on a motion to dismiss, a court may consider "the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice."  *Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061. (9th Cir. 2008).

        Courts may take judicial notice of facts "not subject to reasonable dispute," either because they are "generally known" or "can accurately and readily be determined from sources whose accuracy cannot reasonably be questioned."  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988,

999 (9th Cir. 2018).  In relevant part, "a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment."  *Id.*  "But a court cannot take judicial notice of disputed facts contained in such public records."  *Id.*

The "incorporation-by-reference" doctrine is a judicially created doctrine that treats certain documents as though they are part of the complaint itself.  *Khoja*, 899 F.3d at 1002-03.  Documents are incorporated by reference in a complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."  *Id.* at 1002.  Indeed, "unlike judicial notice, a court may assume [an incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."  *Id.* at 1002-03.

Accordingly, the background set forth below is drawn from the allegations of the FAC, undisputed facts that are matters of public record and agreements incorporated by reference into the FAC.

### B.    Factual Background and Relevant State Procedural History

In 2014, Plaintiff Ecos constructed a small solar generating facility (the "Solar Project") on land owned by PLH in Hollister, California.  FAC, ¶¶ 1-2.  "As a precondition for issuance of a building permit" for the Solar Project, "the County extracted a commitment from Plaintiffs to make certain road improvements in the surrounding area" (the "Urban Roadway Improvements") and Defendants also required Plaintiffs to post a cash deposit of $593,940.33 "in order to secure the Plaintiffs' obligation to construct those road improvements."  FAC, ¶ 1.

On November 23, 2020, PLH and the County entered into an agreement to "defer construction of" the Urban Roadway Improvements.  *See* FAC at 12-21 (Ex. 1, the "Deferral Agreement").  As a document attached to the FAC in full and whose existence—if not itself the basis for any claims, is inextricably tied to Plaintiffs' claims—the Court deems the Deferral Agreement incorporated by reference into the Complaint.  Plaintiffs allege that the Deferral Agreement was entered into because "the County conceded that it had applied the wrong standard in determining what improvements could be required at the time" of the Solar Project.  FAC, ¶ 3.  In any case, the Deferral Agreement deferred Plaintiffs' obligation to undertake the Urban Roadway Improvements until the property at issue was subdivided into "parcels being les than 5

2

acers in size." *Id.*, ¶¶ 3-4.  Such a subdivision has not occurred.  *Id.*, ¶ 4.

After entering into the Deferral Agreement, Plaintiffs requested the return of their cash deposit.  *Id.*, ¶ 5.  The County refused to return the deposit, and on January 20, 2022, Plaintiffs filed suit in the Superior Court of the State of California for the County of San Benito "seeking, among other things, a declaration and injunction invalidating the requirement of the Urban Roadway Improvements and a return of the Cash Deposit."  *Id.*;  *see PLH Vineyard Sky LLC et al. v. County of San Benito et al.*, No. CU-22-00010 (filed Jan. 20, 2022);  *see also PLH Vineyard Sky LLC et al. v. County of San Benito et al.*, No. CU-22-00193 (filed Sept. 22, 2022).[1]  On October 25, 2022, Plaintiffs, the County and the Agency entered into a settlement agreement, whereby Plaintiffs agreed to dismiss both actions, and the Parties agreed that, in lieu of the Urban Roadway Improvements, Plaintiffs would be required "to make certain, different road improvements" referred to by the Parties as the "Beuna Vista Road Improvements."  FAC at 23-26 (Ex. 2, the "Settlement Agreement");  FAC, ¶ 6.  As a document attached to the FAC in full and whose existence forms part of the basis for at least Plaintiffs' second cause of action, the Court deems the Settlement Agreement incorporated by reference into the Complaint.

### C.    The Claims in this Action and Defendants' Motion to Dismiss

Plaintiffs allege that "Defendants[ are] still holding the Cash Deposit in an amount to secure the construction of the Urban Roadway Improvements or the Beuna Vista Road Improvements."  FAC, ¶ 8.  Plaintiffs bring this action contending that Defendants are "still exacting unlawful conditions on Plaintiffs as part of the Defendants continuing to refrain from revoking the building permit."  FAC, ¶ 7.  Plaintiffs seek, in relevant part:

- Declaratory judgment that the provisions of the Settlement Agreement requiring the Beuna Vista Road Improvements and accompanying cash deposit are unlawful and unenforceable under California state law, (FAC, Count I and Prayer for Relief b.);

---

[1] In the Motion, Defendants raise the existence of the action filed in September 2022 which the Court has located and of whose existence the Court takes judicial notice.  *See* Dkt. 16 at 8, 18.  The Parties only ever refer to the two actions together, (*see id.*), and thus the existence of the second action does not alter the Court's analysis.  Nonetheless, its existence is noted for the sake of completeness.

United States District Court
Northern District of California

- Damages in the form of the return of their cash deposit and interest thereon, (FAC, Count I and Prayer for Relief c.-d.);  and

- Damages pursuant to 42 U.S.C. § 1983 for violation of the Takings Clause of the U.S. Constitution by way of requiring the Beuna Vista Road Improvements and accompanying cash deposit (FAC, Count II and Prayer for Relief e.).

On October 31, 2025, Defendants moved to dismiss the FAC based upon a variety of arguments.  Dkt. 16.  Briefing concluded on November 28, 2025.  *See* Dkts. 21-22.

As part of their opposition to the Motion, Plaintiffs requested leave to file a Second Amended Complaint, adding a third cause of action.  Dkt. 21 at 16;  Dkt. 21-1 ("Proposed SAC").  While the Court "may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss," in determining whether to grant the Motion, (*Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (emphasis omitted)), it looks to the Proposed SAC determining whether leave to amend is warranted.  Thus, the Court does not consider Plaintiffs' Proposed SAC as part of the background herein.

## II.    LEGAL STANDARD

### A.    *Res Judicata*

"The doctrine of *res judicata* bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action, if the prior suit concluded in a final judgment on the merits."  *Int'l Union of Operating Eng'rs-Emps. Const. Indus. Pension, Welfare & Training Tr. Funds v. Karr*, 994 F.2d 1426, 1429 (9th Cir. 1993) (cleaned up).  There are two types of *res judicata*, claim preclusion and issue preclusion.  *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).

> Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.  Issue preclusion, in contrast, bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim.

*Id.* (internal quotation marks and citations omitted).  "The elements necessary to establish res judicata are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between

parties.'" *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005) (internal citations omitted).

### B.  Rule 8 Pleading Requirements

Rule 8 "mandates that a pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." *Gibson v. City of Portland*, --- F. 4th ----, 2026 WL 235118, at *15 (9th Cir. Jan. 29, 2026).[2]  Thus, apart from the requirements of Rule 12(b)(6) as to sufficiency to state a claim, pleadings must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995);  *Gibson*, 2026 WL 235118, at *16 ("[E]ven 'well-pleaded facts' are not sufficient if they are accompanied by only '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'  The goal [of Rule 8] is to provide 'sufficient notice' so the parties and the court can 'focus litigation on the merits of a claim.'").

### C.  Rule 12(b)(1) – Subject Matter Jurisdiction

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) tests whether the court has subject matter jurisdiction." *Williams v. Apple, Inc.*, 449 F. Supp. 3d 892, 900 (N.D. Cal. 2020).  "[S]tanding and mootness both pertain to a federal court's subject-matter jurisdiction under Article III, [so] they are properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a "facial" 12(b)(1) challenge, as is presented here, the Court assumes a plaintiff's factual allegations to be true and draws all reasonable inferences in plaintiff's favor. *Oracle Corp. v. ORG Structure Innovations LLC*, No. 11-cv-3549 SBA, 2012 WL 12951187, at *3 (N.D. Cal. Mar. 30, 2012) (citing *Doe v. See*, 557 F.3d 1066, 1073 (9th Cir. 2009)).

"[L]ack of Article III standing requires dismissal for want of subject matter jurisdiction under Rule 12(b)(1)." *Id.*  "Standing requires that (1) the plaintiff suffered an injury in fact, i.e.,

---

[2] Unless otherwise noted, references to a "Rule" or the "Rules" are to the Federal Rules of Civil Procedure.

United States District Court
Northern District of California

one that is sufficiently 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical,' (2) the injury is 'fairly traceable' to the challenged conduct, and (3) the injury is 'likely' to be 'redressed by a favorable decision.'" *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). Plaintiffs "bear[] the burden of establishing these elements." *Lujan*, 504 U.S. at 561.

Additionally, "[t]he various doctrines of 'standing,' 'ripeness,' and 'mootness' … are but several manifestations … of the [same] primary conception." *Poe v. Ullman*, 367 U.S. 497, 503-04 (1961). "A case becomes moot when it no longer satisfies the case-or-controversy requirement of Article III, Section 2 of the Constitution, which demands that "the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *United States v. Ilkhani*, 516 F. App'x 661, 662 (9th Cir. 2013). By contrast, "[t]he related doctrine of ripeness is a means by which federal courts may dispose of matters that are premature for review because the plaintiff's purported injury is too speculative and may never occur." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). In other words, if the injury has ceased and can no longer be redressed, the case is moot; if the injury has not yet occurred and may never occur, the case is unripe.

### D.      Rule 12(b)(6) – Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) authorizes a district court to dismiss a complaint if it fails to state a claim upon which relief can be granted. In ruling on a motion to dismiss, a court may consider only "the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler*, 540 F.3d at 1061. Courts generally "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

////

////

6

## III.    DISCUSSION

Defendants bring several challenges to Plaintiffs' FAC.  Defendants argue:  (1) that the pleadings fail to meet the standard for "a short and plain statement" under Rule 8, (Dkt. 16 at 13-14);  (2) that the Court lacks subject matter jurisdiction because Plaintiffs lack standing and because the case is moot, (*id.* at 14-16);  (3) that Plaintiffs FAC must be dismissed under the doctrine of *res judicata*, (*id.* at 18-19);  and (4) that Plaintiffs fail to state any viable causes of action, whether under the Takings Clause or Cal. Civil Code § 1668, (*id.* at 16-17, 19-20).

A "federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction)…." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007).  However, "a federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits.'"  *Id.* at 431.[3]  Accordingly, the Court first addresses Defendants' non-merits grounds—*Res Judicata*, Rule 8 and subject matter jurisdiction.  Because the Court finds that it has subject matter jurisdiction to hear this case, it then turns to the Rule 12(b)(6) challenges.

### A.    Plaintiffs' Claims Are Not Barred by *Res Judicata*

The Court begins by acknowledging the keystone of Defendants' *res judicata* argument: Plaintiffs do not dispute that they reached a settlement with Defendants in October of 2022 regarding their two state court cases.  *See* FAC at 23-26 (Ex. 2, the "Settlement Agreement"); FAC, ¶ 6.  The Court takes judicial notice of the fact that on October 31, 2022, at least case number CU-22-00193 was in fact dismissed with prejudice by Plaintiffs.  Dkt. 12 at 45-46.

Defendants argue that, accordingly, Plaintiffs' claims are barred under the doctrine of *res judicata*.  Dkt. 16 at 18-19.  "The elements necessary to establish *res judicata* are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'"  *Headwaters Inc.*, 399 F.3d at 1052.  There is no dispute that the parties here and in the state court actions are identical, nor that Plaintiffs' dismissal with prejudice was a final judgment on the merits.  *See* Dkt.

---

[3] Among other doctrines, the doctrine of *res judicata* "allows courts to dispose of cases without reaching the merits of the controversy" and, at least "an issue preclusion dismissal is a non-merits dismissal, and thus issue preclusion may be resolved by a federal court before it addresses its jurisdiction." *Snoqualmie Indian Tribe v. Washington*, 8 F.4th 853, 862 (9th Cir. 2021).

21 at 13-15 (contesting only the "same claims" prong (referred to in Plaintiffs' opposition as the third prong based on the ordering set forth in a different case)).  The only question is whether there is "an identity of claims."

Here, the underlying state court actions[4] arose from the following facts:  the building of the Solar Project, Defendants' requirement to construct the Urban Roadway Improvements, the Parties' Deferral Agreement as to the Urban Roadway Improvements and the cash deposit the Defendants retained.  *See* Dkt. 12 at 7-27.  This case, arises from those same facts and more, including the execution of the Settlement Agreement and the requirement that Plaintiffs undertake the Beuna Vista Roadway Improvements.  FAC, ¶¶ 6-8.  As to the legal claims, the underlying state court actions included causes of action for a Takings Clause violation, violation of due process, violation of the California Constitution, conversion, various breaches related to the Deferral Agreement, violations of the County Code and violations of Cal. Gov't Code § 66499.3. Dkt. 12 at 7-27.  This case also advances a Takings Clause claim but omits the other claims and includes a claim seeking to set aside the Settlement Agreement.  FAC at 6-10.

In light of the foregoing, the Court is persuaded by Plaintiffs' argument that the state court claims "related solely to the imposition of the 2014 Urban Road Improvements," and thus new claims based on subsequent conduct, *i.e.*, the alleged exaction of the Beuna Vista Road Improvements, are not barred – even if they are based on the same legal theory (here, the Takings Clause).  *See, e.g.*, *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000) (citing *Lawlor v. National Screen Serv. Corp.,* 349 U.S. 322, 328 (1955) ("A claim arising after the date of an earlier judgment is not barred, even if it arises out of a continuing course of conduct that provided the basis for the earlier claim.")).

In reply, Defendants argue that the settlement agreement cannot give rise to a "new claim" because it "explicitly provide[s] for dismissal with prejudice and release of *all claims related to the subject matter of the litigation*."  Dkt. 22 at 7 (emphasis added).  However, whether the alleged new claims are contemplated as being encompassed in the Settlement Agreement is a substantive

---

[4] For the purposes of assessing this issue, the Court takes case no. CU-22-00193 as representative of the state court cases and takes judicial notice of the complaint therein.  *See* Dkt. 12 at 7-27.

issue of contract interpretation and does not change the fact that such claims are *new*. Indeed, Defendants implicitly recognize as much – they concede that Plaintiffs could bring such claims if they could show "extraordinary circumstances that would justify setting aside the agreement." *See* Dkt. 22 at 8. In other words, they concede that issues relating to the Settlement Agreement (at least, its validity) are not precluded.

In sum, while there may be overlapping issues and common facts between this action and the underlying state court actions, the claims are not identical.[5] Defendants' Motion is **DENIED** as to this ground.

### B.    Plaintiffs' Complaint Is Sufficient Under Rule 8

Next, the Court turns to Defendants' challenge that Plaintiffs' FAC does not meet the requirements of Rule 8 because it is "a sprawling, argumentative narrative with conclusory allegations and minimal factual support." Dkt. 16 at 13-14. Defendants contend that Plaintiffs fail to plead their claims in anything more than conclusory terms. *Id.* Defendants' Rule 8 argument is unpersuasive. While the FAC contains some legal argumentation and conclusory statements, it also contains ample facts, (*e.g.*, FAC, ¶¶ 1-6, 26, 30) that "provide sufficient notice so the parties and the court can focus litigation on the merits of a claim." *Gibson*, 2026 WL 235118, at \*16 (quotation marks and citations omitted).

### C.    The Court Has Subject Matter Jurisdiction to Hear this Case

Defendants argue that the Court lacks subject matter jurisdiction to hear this action for two reasons. Dkt. 16 at 14-16. First, that Plaintiffs lack standing to bring their claims and, second, that there is no ongoing violation such that the case is moot. *Id.*

#### 1.    Plaintiffs Have Standing to Bring this Action

"Standing requires that (1) the plaintiff suffered an injury in fact, *i.e.*, one that is sufficiently 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical,' (2) the injury is 'fairly traceable' to the challenged conduct, and (3) the injury is 'likely' to be

---

[5] Defendants raised only one part of *res judicata*:  the potential for claim preclusion. Defendants did not raise, and the Court does not decide, the extent to which issue preclusion may apply based on any issues decided in the underlying state actions.

'redressed by a favorable decision.'" *Bates v. United Parcel Serv., Inc.*, 511 F.3d at 985 (quoting *Lujan*, 504 U.S. at 560-61). Plaintiffs "bear[] the burden of establishing these elements." *Lujan*, 504 U.S. at 561. "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Here, Defendants contend that Plaintiffs' allegations are insufficient as to any of the three elements. Dkt. 16 at 14-15.

As to the "actual or imminent" element, Defendants argue that, because Plaintiffs agreed to the Beuna Vista Road Improvements as part of the Settlement Agreement, the requirement to make such improvements and "to maintain deposited funds held until those road improvements are made" is "entirely contingent and self-imposed and does not constitute a concrete harm." Dkt. 16 at 14-15. The only authority cited by Defendants, however, is *Clapper v. Amnesty Int'l USA*, 568 U.S. 398 (2013), wherein the Supreme Court explained that the respondents' self-imposed avoidance of "certain e-mail and phone conversations" because of their "subjective fear of surveillance" failed to support a showing under the traceability prong. Dkt. 16 at 15 (citing *id.* at 409). *Clapper* is different from the case at bar where, as Plaintiffs argue, "the County's continuing refusal to return money[, the cash deposit,]" pending the Beuna Vista Road Improvements is an ongoing injury. Dkt. 21 at 8-9. The Court agrees and finds that this withholding and the requirement to build the Beuna Vista Road Improvements are sufficiently concrete and imminent (indeed, the withholding is ongoing) under the first prong.

Defendants raise the same argument under the second prong.[6] Dkt. 16 at 15. However, the case on which Defendants principally rely undermines their position. In *Leroy Land Dev. v. Tahoe Reg'l Plan. Agency*, the Ninth Circuit was faced with the question of "whether a land developer, who years ago settled a dispute with the appropriate governmental authority over issuance of a building permit, may now challenge the central condition of the settlement on the ground that unilateral imposition of such a condition by the authority would violate" the Takings Clause. 939 F.2d 696 at 697 (9th Cir. 1991). The Ninth Circuit "assum[ed] arguendo that the

---

[6] As the Court already noted, based on *Clapper*, the "self-imposed harm" argument is a more natural fit under the traceability prong.

mitigation provisions would constitute a taking under *Nollan*[ *v. California Coastal Commission,* 483 U.S. 825, 107 (1987)] if imposed unilaterally by TRPA," and nonetheless held that the provisions could not constitute a taking where they were voluntarily entered into as part of a settlement agreement. *Id.* at 698. Yet, in so holding, the Ninth Circuit conducted a *merits* analysis of the claim; it did not dismiss the case on standing grounds. *See, generally*, *Leroy Land Dev.*, 939 F.2d 696. Here, too, the Court concludes that the injury—the withheld deposit and required Beuna Vista Road Improvements—is fairly traceably to Defendants as alleged in the FAC, because Plaintiffs allege that the Settlement Agreement itself is invalid under California law. Whether the Settlement Agreement is valid, and thus whether Plaintiffs' Takings Clause claim may survive under *Leroy*, is a merits question.

Finally, Defendants argue that Plaintiffs' injury is not redressable because "setting aside the settlement agreement would be barred by res judicata." Dkt. 16 at 15. This argument is not well-taken. As Defendants concede on reply, the Court could set aside the Settlement Agreement under certain circumstances, *e.g.*, fraud or duress, notwithstanding "res judicata." Dkt. 22 at 8. Defendants' *ipse dixit* assertions that the Court *cannot*[7] do so here are unsupported by any authority, and the Court dismisses the assertions equally summarily.

In sum, Plaintiffs have alleged an actual and imminent injury (the withholding of the cash deposit pending the required Beuna Vista Road Improvements), such an injury is fairly traceable to Defendants as the counter-party requiring the improvements and the Court could redress the injury, *e.g.*, by invalidating the Settlement Agreement and ordering the return of the cash deposit, so long as the Plaintiffs are entitled to such a remedy on the merits. Plaintiffs thus have standing to reach the merits.

**2.    The Case is Neither Moot Nor Unripe**

Defendants also assert that there is no ongoing violation, because the Settlement Agreement settled the controversy between the Parties. Dkt. 16 at 16. Plaintiffs point out that it settled only the issue of the Urban Roadway Improvements, not the new Beuna Vista Roadway

---

[7] Again, whether setting aside the Settlement Agreement is ultimately justified is a merits question that has not been briefed and that the Court does not decide.

Improvements. Dkt. 11-12. For the reasons explained in sections III.A. and III.C.1, however, there is an alleged ongoing violation with regard to the Beuna Vista Road Improvements and the Court could redress the asserted injury. *See, supra*, §§ III.A, III.C.1; *United States v. Ilkhani*, 516 F. App'x at 662 (9th Cir. 2013) ("A case becomes moot when it no longer satisfies the case-or-controversy requirement of Article III, Section 2 of the Constitution, which demands that "the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'"). Thus, the case is not moot.

Moreover, because the Court has an independent duty to assure itself of subject matter jurisdiction, it notes that Defendants arguments also implicate ripeness. *E.g.*, Dkt. 16 at 14-15 (arguing that the injury is "entirely contingent and self-imposed" and that Plaintiffs would receive their deposit back if they fulfilled the conditions of the Settlement Agreement); Dkt. 22 at 4 (arguing that "Plaintiffs allege no breach, enforcement, or compulsion by the County. The County has fully performed in accordance with the settlement terms. … [The deposit] will be returned within thirty days after the improvements are completed, approved, and accepted by the City and County."). To the extent these arguments suggest the case is not yet ripe because the County has not yet breached the Settlement Agreement, the Court is not so persuaded because the alleged injury of the Defendants' withholding of the cash deposit is ongoing.

Accordingly, the case is ripe for adjudication and not moot.

* * *

Thus, because Plaintiffs have standing to bring this case and there is an alleged, ongoing violation of law, Defendants' Motion is **DENIED** as to this ground.

### D.     Plaintiffs' State a Claim for a Takings Clause Violation but Not for Declaratory Judgment via Cal. Civil Code § 1668

Finally, having found that it has subject matter jurisdiction to hear this case, the Court turns to Defendants 12(b)(6) challenges. The Court addresses each claim in turn.[8]

---

[8] As Plaintiffs note, dismissal of their federal Takings Clause claim would not defeat subject matter jurisdiction as to the state law claim, because the Parties are diverse and the amount in controversy exceeds $75,000. *See* Dkt. 21 at 12.

**1.      Plaintiffs State a Claim for Violation of the Takings Clause**

Defendants argue that Plaintiffs' federal Takings Clause claim must be dismissed because "[t]he alleged taking arises solely from a mutually negotiated settlement, not from any coercive action by the County." Dkt. 16 at 16-17. The Court now addresses this argument which, as explained above, is a proper merits argument and not an Article-III-Standing argument. *See, supra*, § III.C.1.

Both Parties agree that *Leroy Land Dev. V. Tahoe Regulatory Planning Agency* is the binding Ninth Circuit authority on the fundamental question. *See* Dkt. 16 at 17; Dkt. 21 at 12-13 (arguing that Plaintiffs fit within the rule in *Leroy Land Dev*). As the Court previously explained in Section III.C.1., the Ninth Circuit held that "mitigation provisions [which] would constitute a taking under *Nollan* if imposed unilaterally by [a County]" cannot "be viewed as a 'taking' when consented to as a part of a settlement agreement." *Leroy Land Dev.*, 939 F.2d at 698 (9th Cir. 1991). But as Plaintiffs point out, there was no argument in *Leroy Land Dev.* that the settlement agreement was invalid, and the Ninth Circuit's holding assumed that the private party's promise was "entered into voluntarily, in good faith and [was] supported by consideration." Dkt. 21 at 12 (quoting *id.*). The Court does not read *Leroy* as holding or suggesting that an invalid settlement agreement forecloses a Takings Clause claim. Accordingly, Defendants' Motion to dismiss Plaintiffs' federal Takings Clause claim is **DENIED**.

**2.      There Is No Independent Cause of Action Under Section 1668**

California Civil Code § 1668 provides that "All contracts which have for their object, directly or indirectly, to exempt any one from responsibility for his [or her] own fraud, or willful injury to the person or property of another, or violation of law, whether willful or negligent, are against the policy of the law." *City of Santa Barbara v. Superior Ct.*, 41 Cal. 4th 747, 755 (2007). Defendants argue that, as a matter of law, Section 1668 does not invalidate the Parties' Settlement Agreement because it is meant to invalidate contracts permitting the commission of future torts, not settlement agreements for past wrongs. Dkt. 16 at 19-20. Plaintiffs argue that, as a matter of law, Section 1668 does apply because the Settlement Agreement, as used by Defendants, purports to allow (and require) the Beuna Vista Road Improvements. Dkt. 21 at 15-16.

As a direct consequence of the Ninth Circuit's guidance in *Leroy Land Dev.* and this Court's ruling in Section III.D.1., above, whether the Settlement Agreement is valid is central to this case.  Yet, neither side addresses this issue with rigor.  *See* Dkt. 16 at 19-20;  Dkt. 21 at 15-16.  Rather than decide the entire action on four pages of briefing, a handful of cited authorities[9] and limited analysis as to whether the provisions of the Settlement Agreement violate Section 1668, the Court **GRANTS** Defendants' Motion to Dismiss this claim on alternate grounds:  the Court has found no authority, and Plaintiffs supply none, that Cal. Civil Code § 1668 provides an independent cause of action.

In every case the Court has found, Section 1668 appears to be a provision that is raised as a legal argument, *e.g.*, either as an affirmative defense against enforcement of a contract or to defeat the use of a contract as an affirmative defense.  *See, e.g.*, *City of Santa Barbara v. Superior Ct.*, 41 Cal. 4th 747 (raised as a counter-argument to an affirmative defense in a wrongful death action); *Watkins v. Wachovia Corp.*, 172 Cal. App. 4th 1576, 1587 (2009) (raised in argument on motion to dismiss appeal of judgment relating to employment class-action claims);  *McQuirk v. Donnelley*, 189 F.3d 793 (9th Cir. 1999) (raised on appeal from summary judgment foreclosing the plaintiff's defamation claims);  *Darnaa, LLC v. Google Inc.*, No. 15-cv-03221-WHA, 2017 WL 2118301, at *1 (N.D. Cal. May 16, 2017) (raised in opposition to motion to dismiss the plaintiff's breach-of-covenant-of-good-faith claim);  *FiTeq Inc v. Venture Corp.*, 169 F. Supp. 3d 948 (N.D. Cal. 2016) (raised in opposition to the defendants' partial motion for summary judgment, in a breach-of-contract case).

Thus, Plaintiffs' stand-alone cause of action for declaratory judgment under California Civil  Code Section 1668 is **DISMISSED with prejudice** as to the claim, but Plaintiffs' raising the legal issue, to the extent warranted, during this proceeding (as they have done, for example, in opposing dismissal of the federal Takings Clause claim).

////

---

[9] Of which only one, *Watkins v. Wachovia Corp.*, 172 Cal. App. 4th 1576 (2009), discusses the issue directly and only in a single footnote.  *See id.* at 1587 n. 12.

14

**E.      Plaintiffs' Request for Leave to Amend to Add a Stand-Alone Claim for Lack of Consideration is Denied**

Finally, the Court notes that, in their opposition, Plaintiffs also argue that the Settlement Agreement was not supported by consideration.  Dkt. 21 at 12, 17.  They seek leave to file a second amended complaint (attached at Dkt. 21-1), "the only change of which is to add the third cause of action" that "the Settlement Agreement was also void under basic principles of contract law (*i.e.*, lack of consideration)."  Dkt. 21 at 16.  For the same reason as expressed with regard to Section 1668, that is, because "lack of consideration" is not an independent cause of action, Plaintiffs' request is **DENIED**.  As with Section 1668, Plaintiffs may raise the legal issue, to the extent warranted, during this proceeding.

**IV.      CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**.  Plaintiffs' cause of action under Section 1668 is **DISMISSED** as procedurally improper, while Plaintiffs' Takings Clause claim remains.  Plaintiffs' request for leave to amend is **DENIED**.

Defendants shall file their answer **no later than March 9, 2026**, and the Court sets the Parties for an initial case management conference on **May 12, 2026**.

**SO ORDERED.**

Dated: February 23, 2026

SUSAN VAN KEULEN
United States Magistrate Judge